# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF WISCONSIN

Case Number:

**CONTINENTAL WESTERN INSURANCE COMPANY**

and

**REGENT INSURANCE COMPANY**

Plaintiffs,

vs.

**GREENWICH INSURANCE COMPANY,**

Defendant.

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiffs, Continental Western Insurance Company ("CWIC") and Regent Insurance Company ("Regent"), by and through their respective undersigned counsel and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, seek a declaratory judgment that Greenwich Insurance Company ("Greenwich") is obligated to defend common insured(s), including without limitation Newport Realty Corporation, (the "Putative Common Insured"), in pending litigation brought against the Putative Common Insured by Design Basics, LLC, Plan Pros, Inc., Carmichael & Dame Designs, Inc. (collectively the "Underlying Claimants"). Plaintiffs further seek monetary damages against Greenwich, in their own right under principles of equity, and as the legal and equitable subrogee of the Putative Common Insured.

## NATURE OF THE COMPLAINT

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between Plaintiffs and Defendant Greenwich regarding the parties' respective rights and obligations under insurance policies issued by Plaintiffs and Greenwich to the Putative Common Insured.

2. Plaintiffs seek a judgment declaring that Greenwich has a duty to defend the Putative Common Insured in a lawsuit pending in the United States District Court for the Eastern District of Wisconsin, styled *Design Basics, LLC et al. v. Newport Builders, Inc. et al.,* Case No. 2:12-cv-517 (the "Underlying Lawsuit").

3. Plaintiffs further seek monetary damages against Greenwich in the form of reimbursement under theories of contribution and/or in Plaintiffs' capacity as the subrogee of the Putative Common Insured, including, but not limited to, all defense fees and costs paid to date and to be paid.

## JURISDICTION, VENUE, AND PARTIES

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 as to each plaintiff, exclusive of interest, attorneys' fees and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims asserted below occurred within the jurisdictional boundaries of this Court, the insurance policies at issue were issued in Wisconsin, and Wisconsin is the place of required performance of the contractual duty breached by Defendant Greenwich.

6. At all pertinent times, Plaintiff CWIC was, and remains, a corporation organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa.

7. At all pertinent times, Plaintiff Regent was, and remains, a Wisconsin corporation with its principal place of business located at One General Drive, Sun Prairie, WI 53596.

8. At all pertinent times, Defendant Greenwich was, and remains, a Delaware corporation with its principal place of business located at 70 Seaview Avenue Stamford, CT 06902.

**FACTUAL BACKGROUND**

9. On or about May 23, 2012, the Underlying Claimants filed suit against the Putative Common Insured and others seeking damages arising out of copyright infringement, including lost profits and/or lost licensing revenue. A First Amended Complaint was filed by the Underlying Claimants on or about October 23, 2012. *A copy of the Underlying Claimants' First Amended Complaint is attached hereto as Exhibit "A."* For purposes of adjudicating the matters herein raised, all of the allegations in Exhibit A are incorporated herein by reference.

10. The Underlying Claimants generally allege that they are the sole original authors and owners of a large number of architectural works, copyrights for which were allegedly filed with the United States Copyright Office. *Exhibit A, ¶¶ 10-15*.

11. The Underlying Claimants allege, *inter alia*, that the Putative Common Insured infringed on their copyrighted works when, "In the course of advertising… NRC's (Newport Realty Corporation's) goods and services to the consuming public on (its) website, (it) posted thereon infringing copies of Plaintiffs' architectural works and architectural plans…or otherwise

3

advertised or marketed for sale, infringing copies of Plaintiff's works." *Exhibit A, ¶ 17.* The Underlying Claimants further allege that the Putative Common Insured (1) "copied and/or created derivatives of [the Underlying Claimants'] architectural plans;" and, (2) "advertised, marketed and sold homes which infringed one or more of [the Underlying Claimants'] architectural works." *Exhibit A, ¶¶ 19-22.*

12. The Underlying Claimants further allege that the Putative Common Insured, "without knowledge or intent" infringed Plaintiffs' copyright in one or more of Plaintiffs' works…." *Exhibit A, ¶ 26, 28, 30, 32, and 34.*

13. Consistent with Wisconsin law, Plaintiffs are presently participating in the defense of the Putative Common Insured against the Underlying Lawsuit subject to a full reservation of rights.

14. Despite proper notice and demand, Defendant Greenwich has refused to honor its contractual duty to defend the Putative Common Insured in the Underlying Action and remains in breach of its duty to defend the Putative Common Insured.

## THE POLICIES AND GREENWICH'S REFUSAL TO DEFEND

15. Regent issued commercial general liability policies providing coverage to the Putative Common Insured for consecutive policy periods running from April 19, 1998 to April 19, 2005.

16. CWIC issued commercial general liability policies providing coverage to the Putative Common Insured for consecutive policy periods running from April 19, 2005 to April 19, 2012.

4

17. The policies issued by Regent and CWIC are hereinafter collectively referred to as the CGL Policies.

18. The CGL Policies provide certain liability insurance coverage in accord with their terms, conditions and exclusions, and said Policies are written contracts, the terms of which speak for themselves.

19. Pursuant to the terms of the CGL policies, any rights possessed by the Putative Common Insured "to recover all or part of any payment we [Regent or CWIC] have made under this Coverage Part,…are transferred to us."

20. Newport Realty Co. Inc. dba ERA Newport Realty Corp. was insured by Greenwich Insurance Company under Real Estate Professionals Errors & Omissions Policy Nos. PEG9132557-7 and PEG9132557-8 (the "Greenwich Policies") for consecutive one year policy periods from March 14, 2011 to March 14, 2013.

21. The Greenwich Policies provide, *inter alia*, professional liability coverage subject to various terms, conditions and exclusions. *See generally Greenwich Policies, attached as Exhibits B1 and B2.* Both of the Greenwich Policies' insuring agreements provide that:

> The **Company** will pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** becomes legally obligated to pay as **damages** and **claims expenses** by reason of an act or omission including **personal injury** in the performance of **real estate services** by the **Insured**, provided that:
>
> 1. The **claim** arising out of the act or omission must first be made against the **Insured** during the **policy period** or any applicable **extended reporting period**;
>
> 2. The **claim** must be reported in writing to the **Company** during the **policy period** or within 60 days after the end of the policy period unless an **extended reporting period** applies;

5

3. Such act or omission was committed on or subsequent to the **retroactive date** specified in the Declarations; and

4. Prior to the inception date of this policy, no **Insured** had a basis to believe that such action or omission, or any related act or omission, might reasonably be expected to be the basis of a **claim**.

Except as provided in Section V.D., below, **claim expenses** are in addition to the limit of liability.

\* \* \*

*See, Exhibit B1, form JPP 116 (03/07) and Exhibit B2, JPP PF (04/11) at p. 1.*

22. Concerning its duty to defend, the Greenwich Policies provide, in pertinent part:

**B. Defense and Settlement**

The **Company** has the right and duty to defend any claim against the **Insured** even if allegations of the **claim** are groundless, false or fraudulent…

\* \* \*

*See, Exhibit B1, form JPP 116 (03/07) and Exhibit B2, form JPP116 (03/07).*

23. Under the Greenwich Policies, "**claim**" means "a demand for money or services naming the **Insured** by reason of an act or omission in the performance of **real estate services** …." *See, Exhibit B1, form JPP PF (08/09) at p. 3 and Exhibit B2, JPP PF (04/11) at p. 3.*

24. The Greenwich Policies define "**real estate services**" to include "those professional services performed for others in the **Insured's** capacity as a real estate agent, real estate broker, leasing agent …. Real estate services shall also include real estate services performed for others by an **Insured** on or via the **Insured's** internet, e-mail, telecommunication or similar system." *See, Exhibit B1 at p. 6 and Exhibit B2 at p. 7.*

25. The claims against the Putative Common Insured in the Underlying Action allege that the conduct giving rise to the damages claimed by the Underlying Claimants occurred during the provision of real estate services, including conduct allegedly committed by the Putative Common Insured on its website, www.newportrealty.remax-northcentral.com. *Exhibit A, ¶* 16.

26. The Greenwich Policies, which were issued to a Putative Common Insured, are subject to Wis.Stat. § 631.36(5)(a), which provides in pertinent part:

> [I]f the insurer offers or purports to renew the policy but on less favorable terms or at higher premiums, the new terms or premiums take effect on the renewal date if the insurer sent by 1st class mail or delivered to the policyholder notice of the new terms or premiums at least 60 days prior to the renewal date … If the insurer does not notify the policyholder of the new premiums or terms as required by this subsection prior to the renewal date, the insurer shall continue the policy for an additional period of time equivalent to the expiring term and at the same premiums and terms of the expiring policy ….

27. Endorsement No. 1 to the Greenwich Policies provides, in part, as follows:

> It is agreed Section VI, CONDITIONS, paragraph F. of the policy is deleted and replaced by the following:
>
> **F. Changes**
>
> 1. Notice given by or on behalf of the **Named Insured** to any authorized agent of the **Company** within the State of Wisconsin, with particulars sufficient to identify the first **Named Insured**, will be deemed to be notice to the **Company**.
>
> 2. Failure of the **Insured** to give any notice required by the policy within the time specified will not serve to void coverage under the policy if the **Insured** shows that it was not reasonably possible to give the notice within the prescribed time and that notice was given as soon as reasonably possible. Failure of the **Insured** to give notice as required by this paragraph will not void coverage under the policy if the **Company** was not prejudiced by the failure, however the burden of persuasion will be on the **Insured** in demonstrating there was no prejudice.

* * *

*See Exhibit B1 and B2 at form JPP Wl1 (06/05) at p. 1.*

28. On information and belief, the Putative Common Insured received notice of the claims asserted by the Underlying Claimants in February of 2012, and thereafter provided notice of such claims to the insurance agent through which the Putative Common Insured purchased insurance coverage and, therefore, provided notice to Defendant Greenwich under the Greenwich Policies and Wisconsin law.

29. The insurance agent immediately notified CWIC and Regent of the claims asserted by the Underlying Claimants, but upon information and belief, failed to notify Defendant Greenwich due to an oversight.

30. Thereafter, by letter dated October 3, 2012, counsel for the Putative Common Insured tendered the Underlying Action to Defendant Greenwich for defense and indemnity.

31. The Putative Common Insured provided notice of the claims asserted by the Underlying Claimants as soon as reasonably possible and within one year after the time said notice was required under the March 14, 2011 – March 14, 2012 Policy.

32. Said notice to Greenwich complies with Wis. Stat. § 631.81(1).

33. To the extent that Defendant Greenwich contends that it did not receive timely notice of the claims asserted by the Underlying Claimants under the terms of the March 14, 2011- March 14, 2012 Policy, Defendant Greenwich sustained no prejudice resulting from any allegedly delayed notice, and is obligated to defend the Putative Common Insureds under the March 14, 2011 – March 14, 2012 Policy.

34. By letter dated October 9, 2012, Defendant Greenwich refused to defend the Putative Common Insured in the Underlying Action on the basis of Exclusion L in its March 14, 2012 – March 14, 2013 Policy. *See Exhibit C*. Defendant Greenwich's denial did not cite to any

8

provisions in its March 14, 2011 - March 14, 2012 Policy, and did not otherwise provide the Putative Common Insured with any basis for refusing to defend under the March 14, 2011 – March 14, 2012 Policy. *Id.*

35. Exclusion L in the March 14, 2012 – March 14, 2013 Policy issued by Defendant Greenwich excludes coverage for, *inter alia*, "improper gaining or misuse of copyrights." By contrast, Exclusion L contained in the March 14, 2011 – March 14, 2012 Policy issued by Defendant Greenwich does not exclude coverage for the "improper gaining or misuse of copyrights." Thus, the exclusionary language cited by Greenwich as the basis of its coverage denial does not even appear in the Greenwich Policy implicated by the Underlying Action.

36. On information and belief, and consistent with the allegations in the Underlying Action that the alleged infringement occurred "without knowledge or intent," the Putative Common Insured did not perform any of its own drafting of architectural plans and designs, and the allegedly infringing materials were provided to the Putative Common Insured and others by an architectural drafting contractor.

37. Exclusion L contained in the March 14, 2011 – March 14, 2012 Policy issued by Defendant Greenwich excludes coverage for the "improper gaining or misuse of …proprietary information [or] materials." The claims asserted in the Underlying Action include claims upon which the Putative Common Insured could be held strictly liable to the Underlying Claimants for an unknowing copyright violation, without any finding of "improper gaining or misuse" of anything by the Putative Common Insured. As such, all of the claims in the Underlying Action are not encompassed within Exclusion L contained in the March 14, 2011 – March 14, 2012 Policy issued by Defendant Greenwich, which does not exclude "improper gaining or misuse of

9

copyrights" and, in any event, requires a showing of something more than an infringement of another's proprietary rights in information or material "without knowledge or intent" on the part of the Putative Common Insured.

38. Assuming strictly *arguendo* that the claims in the Underlying Action are subject to the March 14, 2012 – March 14, 2013 Policy issued by Defendant Greenwich as the result of allegedly delayed notice, on information and belief, Defendant Greenwich failed to comply with Wis.Stat. § 631.36(5)(a) by failing to provide the Putative Common Insured with the requisite notice of the reduction in coverage resulting from Defendant Greenwich's unilateral expansion of the scope of Exclusion L in the March 14, 2012 – March 14, 2013 Policy to include "improper gaining or misuse of copyrights." Accordingly, the decrease in coverage in the March 14, 2012 – March 13, 2013 is without legal effect, and Defendant Greenwich is obligated to defend the Putative Common Insured in the Underlying Action.

39. In the alternative, to the extent that the claims in the Underlying Action are subject to the March 14, 2012 – March 14, 2013 Policy, Greenwich nonetheless owes a duty to defend the Putative Common Insured, notwithstanding the version of Exclusion L contained in the March 14, 2012 – March 13, 2013 Policy, because the Underlying Action includes claims that any alleged copyright infringement occurred "without knowledge or intent" on the part of the Putative Common Insured and the scope of Exclusion L in the March 14, 2012 – March 13, 2013 Policy does not encompass innocent violations of another's proprietary information or materials or copyrights.

40. As the result of Defendant Greenwich's unilateral and wrongful denial of its coverage obligations to the Putative Common Insured, the failure of Defendant Greenwich to

follow the law of Wisconsin with respect to such unilateral and wrongful determination of coverage, and Defendant Greenwich's unreasonable failure to timely provide any basis for its declination of coverage under the March 14, 2011 – March 14, 2012 Policy or a legally valid basis for its declination of coverage under the March 14, 2012 – March 14, 2013 Policy, Defendant Greenwich is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured and is liable for all damages flowing from its wrongful breach of its duty to defend, including without limitation the damages herein sought.

## FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF

41. Plaintiffs adopt and incorporate by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

42. There is an actual controversy existing between Plaintiffs and Defendant Greenwich regarding the latter's duty to defend and indemnify the Putative Common Insured in the Underlying Lawsuit.

43. Based on the allegations of the Underlying Lawsuit and the terms of the Greenwich Policies, Defendant Greenwich is obligated to defend and indemnify the Putative Common Insured against the claims in the Underlying Lawsuit.

44. Further, as previously alleged, through its acts and omissions, Defendant Greenwich is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured.

45. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202, CWIC seeks a judicial declaration that Defendant Greenwich is obligated to defend and indemnify the Putative

11

Case 2:13-cv-01054-CNC   Filed 09/19/13   Page 11 of 15   Document 1

Common Insured in the Underlying Lawsuit, that Defendant Greenwich's refusal to defend and indemnify the Putative Common Insured was wrongful, and that Defendant Greenwich is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured.

46. This dispute is ripe for judicial determination, and the Court's declaration will confer certainty on the parties and serve the interests of justice.

## SECOND CLAIM FOR RELIEF – CONTRIBUTION

47. Plaintiffs adopt and incorporate by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

48. Under the terms of the Greenwich Policies and the allegations in the Underlying Lawsuit, Defendant Greenwich owes the Putative Common Insured a duty of defense and indemnity.

49. By defending the Putative Common Insured in the Underlying Lawsuit, Plaintiffs have paid obligations owed, in whole or in part, by Defendant Greenwich. In addition, to the extent Defendant Greenwich refuses to participate in settling the claims against the Putative Common Insured or paying any judgment that may be entered against the Putative Common Insured, Plaintiffs will pay an indemnity obligation owed, in whole or in part, by Defendant Greenwich.

50. Principles of equity, justice, and fundamental fairness dictate that Defendant Greenwich must reimburse, under a theory of contribution, sums paid by Plaintiffs, which should have been paid, in whole or in part, by Defendant Greenwich.

12

51. Defendant Greenwich would be unjustly enriched if allowed to retain the benefits it received as the result of Plaintiffs discharging duties and expending sums owed by Defendant Greenwich.

52. Further, as previously alleged, through its acts and omissions, Defendant Greenwich is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured.

53. By wrongfully refusing to accept the tender of defense from the Putative Common Insured, Defendant Greenwich has caused and will continue to cause damages to Plaintiffs in an amount to be proven at trial and in excess of $75,000 each, exclusive of interest and costs of suit.

## THIRD CLAIM FOR RELIEF – SUBROGATION

54. Plaintiffs adopt and incorporate by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

55. Under the terms of the Greenwich Policies and the allegations in the Underlying Lawsuit, Defendant Greenwich owes the Putative Common Insured a duty of defense and indemnity.

56. Defendant Greenwich has breached its duty to defend and indemnify the Putative Common Insured in the Underlying Lawsuit by wrongfully denying such duties.

57. Defendant Greenwich's breach of its contractual duty to defend and indemnify the Putative Common Insured has caused damages that were both proximate and foreseeable.

58. As a result of its wrongful breach of the duty to defend and indemnify the Putative Common Insured, Defendant Greenwich is responsible for all damages flowing from said breaches.

59. As the contractual and legal subrogee of the Putative Common Insured, Plaintiffs are entitled to damages flowing from Defendant Greenwich's breaches of its contractual duty to defend and indemnify the Putative Common Insured.

60. As the contractual and legal subrogee of the Putative Common Insured with regard to Greenwich's wrongful breach of its duties to defend and indemnify, CWIC is also entitled to an award of its costs of suit and reasonable attorney's fees incurred in the prosecution of this action pursuant to Wisconsin law.

61. As a result of its wrongful breaches of the duty to defend and indemnify the Putative Common Insured, Defendant Greenwich is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a judgment declaring the rights and obligations of the parties, including, but not limited to, the following: (a) that Defendant Greenwich is obligated to defend and indemnify common insured(s), including without limitation the Putative Common Insured, in the Underlying Lawsuit; (b) that Defendant Greenwich has wrongfully breached its duty to defend and indemnify common insured(s), including without limitation the Putative Common Insured, and is estopped and/or has waived any defense to coverage under the Greenwich Policies predicated upon forfeiture of available coverage by the insured; and, (c) for all such other and further relief as equity and the justice of the cause may require and permit.

Plaintiffs further request that the Court enter a judgment of damages in Plaintiffs' favor and against Defendant Greenwich for reimbursement of defense fees and costs incurred by

Plaintiffs in defense of the common insured(s), including without limitation the Putative Common Insured, for all damages flowing from Defendant Greenwich's wrongful breaches of its duty to defend and indemnify the Putative Common Insured, and for the costs of suit and reasonable attorney's fees incurred by Plaintiffs in the prosecution of this Action.

Respectfully submitted this 19th day of September, 2013.

| | |
|---|---|
| MONTGOMERY, KOLODNY, AMATUZIO & DUSBABEK, L.L.P. | von BRIESEN & ROPER, S.C. |
| *s/ John R. Chase* | *s/ Jeffrey A. Evans* |
| John R. Chase, Esq., CO Bar No. 30820 | Jeffrey A. Evans, Esq., WI Bar No. 1059025 |
| Thomas H. Blomstrom, Esq., CO Bar No. 36807 | 411 East Wisconsin Avenue, Suite 1000 |
| 1775 Sherman Street, 21st Floor | Milwaukee, Wisconsin 53202 |
| Denver, Colorado 80203 | Telephone: (414) 287.1227 |
| Telephone: (303) 592.6600 | |
| TRIAL COUNSEL FOR PLAINTIFF CWIC | TRIAL COUNSEL FOR PLAINTIFF REGENT INSURANCE COMPANY |

MULHERIN, REHFELDT & VARCHETTO, P.C.

*s/ Joseph G. Skryd*
Joseph G. Skryd, Esq., IL Bar No. 06198163,
WI Bar No. 1092170
Matthew R. Schreck, Esq., IL Bar No. 6283958,
IN Bar No. 27631-45
211 South Wheaton Avenue, Suite 200
Wheaton, Illinois 60187
Telephone: (630) 653.9300

LOCAL COUNSEL FOR PLAINTIFF CWIC

15